UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SAKILE S. CHENZIRA** | : **Case No.:** <u>1:11-cv-917</u> |
| **1110 CAROLINA AVENUE, NO. 2** | :       J. Spiegel |
| **CINCINNATI, OHIO 45229** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **COMPLAINT** |
| | : |
| | : |
| **CINCINNATI CHILDRENS' HOSPITAL** | : **JURY TRIAL DEMANDED** |
| **MEDICAL CENTER** | : |
| **3333 BURNET AVENUE** | : |
| **CINCINNATI, OHIO 45229** | : |
| | : |
| **Defendant.** | : |
| | : |
| | : |
| | : |

---

## COMPLAINT

**NOW COMES Plaintiff Sakile S. Chenzira, by and through undersigned counsel, and respectfully states her Complaint against the Defendant Cincinnati Childrens' Hospital Medical Center as follows:**

### I. JURISDICTION AND VENUE

1.  This federal district court has jurisdiction over the following claims asserted against Defendant Cincinnati Childrens' Hospital Medical Center, for religious discrimination under Title VII of the Civil Rights Act of 1991 and 1964, as amended. Further, this Honorable Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367. Venue is properly invoked in this district, as the tortious conduct giving rise to the

claims occurred within this district, and/or the Defendants reside and/or conduct substantial business within this district.

## II.  THE PARTIES

2.  Plaintiff Sakile S. Chenzira was a Customer Service Representative, employed by the Defendant Cincinnati Childrens' Hospital Medical Center during the relevant times herein.

3.  Ms. Chenzira has been subjected to religious  discrimination at the Cincinnati Childrens Hospital Medical Center, where she was discharged from her employment because of her refusal to have the flu vaccination administered to her,  because of religious and philosophical convictions.

4.  Defendant Cincinnati Childrens' Hospital Medical Center is a health care facility, which is required to abide by federal and state anti-discrimination statutes.

## III.  ADMINISTRATIVE PROCEEDINGS

5.  Plaintiff Sakile S. Chenzira filed a Charge of Discrimination with the EEOC on or about, September 29, 2011, which was timely within the three hundred (300) day time limitation of the adverse employment action, suffered by Ms. Chenzira, that being, her wrongful discharge from employment on December 03, 2010.

6.  The EEOC issued a Right to Sue letter on October 04, 2011 and this Complaint is timely filed within ninety (90) days of that date.

## IV.  ALLEGATIONS OF FACT

7.  Plaintiff Sakile S. Chenzira was employed as a Customer Service Representative during her tenure with Defendant Cincinnati Childrens' Hospital Medical Center,

which commenced on January 01, 2000 until her wrongful discharge on December 03, 2010.

8. Defendant Cincinnati Childrens' Hospital Medical Center accepted Ms. Chenzira's request for a religious accommodation prior to 2010 and allowed Ms. Chenzira to forego the administration of the flu vaccine.

9. Defendant Cincinnati Childrens' Hospital Medical Center wrongfully refused to accept the request for religious accommodation and wrongfully discharged Ms. Chenzira on December 03, 2010.

## COUNT ONE: RELIGIOUS DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## OF 1964, AS AMENDED

10. Plaintiff Sakile S. Chenzira realleges and incorporates by reference the allegations contained in Paragraphs One through Nine (1-9), with the same force and effect, as if fully rewritten herein.

11. Defendant Cincinnati Childrens' Hospital Medical Center is a health care facility which is required to abide by federal and state anti-discrimination statutes, including, inter alia., Title VII of the Civil Rights Act of 1964 and Chapter 4112 of the Ohio Revised Code.

12. Prior to 2010, Defendant Cincinnati Childrens' Hospital Medical Center had accepted Ms. Chenzira's request for religious accommodation, by not mandating that Ms. Chenzira be administered the flu vaccination.

13. During 2010, the Defendant Cincinnati Childrens' Hospital Medical Center wrongfully and unlawfully refused to provide a religious accommodation to Ms. Chenzira.

14. Ms. Chenzira does not consume animal or inject animal by-products and the flu vaccine contains filler, chemicals and animal by-products as part of her religious and philosophical beliefs.

15. The Defendant Cincinnati Childrens' Hospital Medical Center did not provide any evidence that the refusal to allow the religious accommodation would have caused an undue hardship to the employer.

16. Title VII of the Civil Rights Act of 1964, as amended, requires that no employer take any actions which discriminate or which have the effect of discriminating against an employee on the basis of any statutorily protected classification, including, without limitation, one's religion pursuant to 42 U.S.C. §§ 2000e-2(a), 2000e-2(a)(1), 2000e-2(b) and 2000e-2(c), among others.

17. Plaintiff Sakile S. Chenzira had bona fide religious beliefs, which included the abstention from consuming animals and animal by-products. This religious conviction conflicted with the requirement that Ms. Chenzira submit to a flu vacccine.

18. As a direct and proximate result of the malicious actions of the Defendant Cincinnati Childrens' Hospital Medical Center, Plaintiff has incurred compensatory damages in excess of one hundred thousand ($100,000.00) dollars according to proof at trial.

19. As a direct and proximate result of the malicious, willful and wanton misconduct and and reckless and/or intentional disregard for the civil rights of the Plaintiff by Defendant Cincinnati Childrens' Hospital Medical Center. Plaintiff Sakile S. Chenzira is entitled to recover exemplary damages and attorneys' fees from the Defendant Cincinnati Childrens' Hospital Medical Center.

20. As a direct and proximate result of the violations of Title VII and the adverse employment action taken against the Plaintiff by the Defendant herein, Plaintiff is entitled to recovery of lost wages, recovery of out-of-pocket expenses, compensation for emotional distress, severe anxiety, mental anguish and compensation for all monetary losses and damages, according to proof at trial.

### COUNT TWO: RELIGIOUS DISCRIMINATION UNDER CHAPTER 4112 OF THE OHIO REVISED CODE

21. Plaintiff Sakile S. Chenzira restates and realleges the allegations contained in Paragraphs One through Twenty (1-20), with the same force and effect, as if fully rewritten herein.

22. Defendant Cincinnati Childrens' Hospital Medical Center is a health care facility, which is bound by the anti-discrimination provisions contained in Chapter 4112 of the Ohio Revised Code.

23. This statutory framework prohibits discrimination based upon the religion of an employee by the employer. Defendant Cincinnati Childrens' Hospital Medical Center had provided religious accommodations to Ms. Chenzira, prior to 2010, regarding her religious and philosophical convictions, which led to her conscientious refusal to have flu vaccine administered to her.

24. During 2010, the Defendant Cincinnati Childrens' Hospital Medical Center refused to accommodate Ms. Chenzira, and took the adverse employment action of terminating Ms. Chenzira, on December 03, 2010.

25. At the time of her discharge, Ms. Chenzira was earning substantial wages, had health insurance and other benefits, and would have been eligible, had she been retained, for annual pay raises and enhancements to other benefits of her employment.

26. As a direct and proximate result of her discriminatory discharge, Ms. Chenzira has suffered actual, incidental and consequential damages, which include, but are not limited to, lost wages, lost employment benefits and lost bonus compensation.

27. The precise amount of damages sustained by Plaintiff has not yet been ascertained and is subject to proof at trial. In the alternative, Plaintiff seeks full back pay and restoration of her employment benefits from the date of her termination to the date of trial, and reinstatement to her former position.

## COUNT THREE: TORTIOUS WRONGFUL DISCHARGE
## IN VIOLATION OF PUBLIC POLICY

28. Plaintiff Sakile S. Chenzira restates and realleges the allegations contained in Paragraphs One through Twenty-seven (1-27), with the same force and effect, as if fully rewritten herein.

29. Plaintiff Sakile S. Chenzira alleges that a clear public policy existed as manifested by federal and state statutes, including Title VII and Chapter 4112 of the Ohio Revised Code, protecting the religious freedoms of employees in their places of employment, which satisfies the "clarity element" of this claim.

30. Ms. Chenzira alleges that her wrongful termination solely based upon the refusal of the Defendant Cincinnati Childrens' Hospital Medical Center jeopardizes the public policy which protects the religious freedoms of employees in the workplace, which satisfies the "jeopardy element" of this claim.

31. Ms. Chenzira alleges that her discharge was motivated by conduct related to the public policy, which satisfies the "causation element" of this claim.

32. Further, Ms. Chenzira alleges that the Defendant Cincinnati Childrens' Hospital lacked on overriding legitimate business justification for the discharge, which satisfies the "overriding-justification element" of this claim.

33. At the time of her discharge, Ms. Chenzira was earning substantial wages, had health insurance and other benefits, and would have been eligible, had she been retained, for annual pay raises and enhancements to other benefits of her employment.

34. As a direct and proximate result of her discriminatory discharge, Ms. Chenzira has suffered actual, incidental and consequential damages, which include, but are not limited to, lost wages, lost employment benefits and lost bonus compensation.

35. The precise amount of damages sustained by Plaintiff has not yet been ascertained and is subject to proof at trial. In the alternative, Plaintiff seeks full back pay and restoration of her employment benefits from the date of her termination to the date of trial, and reinstatement to her former position.

## PRAYER FOR RELIEF

I. Judgment be entered for Plaintiff Sakile S. Chenzira, against the Defendant Cincinnati Childrens' Hospital Medical Center for compensatory damages in excess of one hundered thousand ($100, 000.00) dollars to fully compensate her for the religious discrimination and the wrongful discharge suffered by her in violation of Title VII of the Civil Rights Act of 1964, as amended.

II. Judgment be entered in favor of the Plaintiff Sakile S. Chenzira against the Defendant Cincinnati Childrens' Hospital Medical Center for religious discrimination in violation of state law, in excess of one hundred thousand ($100,000.00) dollars, according to proof at trial.

7

III.    Judgment be entered in favor of Plaintiff Sakile S. Chenzira against the Defendant Cincinnati Childrens' Hospital Medical Center for tortious wrongful discharge in violation of public policy, in excess of one hundred thousand ($100,000.00) dollars, according to proof at trial.

IV.    That Plaintiff Sakile S. Chenzira be awarded punitive or exemplary damages of not less than two hundred and fifty thousand ($250,000.00) dollars as she may be entitled.

V.    That Plaintiff Sakile S. Chenzira be ordered to be reinstated, with back pay, restoration of benefits and an award of front pay in excess of one hundred thousand ($100,000.00) dollars.

VI.    That the Court grant Plaintiff judgment against the Defendant for Plaintiff's attorneys' fees and costs and expenses incurred herein;

VII.    That the Court grant Plaintiff such further additional relief, legal or equitable, as the Court may deem just and proper.

Respectfully Submitted,

Geoffrey P. Damon, Esq. (0029397)
Trial Attorney for Plaintiff
119 East Court Street
Cincinnati, Ohio 45202-1203
(513) 484-7573
(513) 721-5824 (FAX)
E-mail:gdamon@fuse.net

## **JURY DEMAND**

Plaintiff Sakile S. Chenzira demands a Trial by Jury in accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure upon all issues and claims so triable.

Geoffrey P. Damon, Esq. (0029397)
Trial Attorney for Plaintiff
119 East Court Street
Cincinnati, Ohio 45202-1203
(513) 484-7573
(513) 721-5824 (FAX)
E-mail: gdamon@fuse.net