```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

SAKILE S. CHENZIRA,              :    NO. 1:11-CV-00917
                                 :
    Plaintiff,                   :
                                 :
   v.                            :    **OPINION AND ORDER**
                                 :
CINCINNATI CHILDREN'S            :
HOSPITAL MEDICAL CENTER,         :
                                 :
    Defendant.                   :

This matter is before the Court on Defendant Cincinnati Children's Hospital Medical Center's ("Hospital") Motion to Dismiss (doc. 6), Plaintiff's Response in Opposition (doc. 10), and Defendant's Reply (doc. 13). For the reasons indicated herein, the Court GRANTS IN PART and DENIES IN PART Defendant's motion, such that Plaintiff's federal and state religious claims withstand Defendant's challenge, while her state law public policy claim is dismissed.

**I. Background**

Defendant Hospital employed Plaintiff as a Customer Service Representative for more than a decade, but discharged her on December 3, 2010, due to her refusal to be vaccinated for the flu (doc. 1). Plaintiff contends such discharge violated her religious and philosophical convictions because she is a vegan, a person who does not ingest any animal or animal by-products, and that prior to 2010, Defendant accommodated her request to forgo the

vaccine (Id.). Plaintiff brings a three-count Complaint, alleging 1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 2) religious discrimination under Chapter 4112 of the Ohio Revised Code, and 3) tortious wrongful discharge in violation of public policy (Id.).

Defendant brings a motion to dismiss, contending Plaintiff's claims are untimely, that she has failed to state a claim for a religion protected under law, and that her public policy claim fails because other statutes provide her with adequate relief (doc. 6). Plaintiff has responded and Defendant has replied such that this matter is ripe for the Court's consideration.

**II. Applicable Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." <u>Courie v. Alcoa Wheel & Forged Products</u>, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. <u>Courie</u>, 577 F.3d at 629-30, citing Robert G. Bone, <u>Twombly, Pleading Rules, and the Regulation of Court Access</u>, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. <u>Id.</u>, citing <u>Twombly</u>, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u> at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . .

3

must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

    **A. Timeliness**

Defendant first attacks Plaintiff's Complaint as untimely, contending that the limitations period begins when an employee is given notice of termination, not on the employee's last day of employment (doc. 6, citing Chardon v. Fernandez, 454 U.S.C. 8 (1981)). Because Defendant notified Plaintiff no later than November 24, 2010, that she was being terminated for failure to immunize, Defendant contends her 300-day time limit lapsed on September 20, 2011 (Id.). As Plaintiff filed her formal charge of

4

discrimination on September 29, 2011, Defendant contends she was nine days late (Id.).

Plaintiff responds that her charge is timely because she went to the Equal Employment Opportunity Commission pro se in January 2010 and "the agency refused to take her paperwork even though she filled out the EEOC Intake Questionnaire" (doc. 10). Plaintiff further responds that Defendant should be estopped from claiming the charge is untimely, because she had been warned previously regarding her refusal to be vaccinated, without consequences (doc. 10).

Defendant replies that Plaintiff cannot seek equitable tolling of the statute of limitations because she has no evidence that Defendant took active steps to mislead her from suing in time (doc. 13). Moreover, Defendant indicates that its repeated warnings to Plaintiff are merely evidence of its policy of progressive discipline (Id.). As for Plaintiff's actions in January 2010, Defendant contends an Intake Questionnaire with the EEOC does not constitute a charge of discrimination (Id).

The Court agrees with Defendant that there is no evidence that it actively misled Plaintiff so as to impede her from pursuing her claim. However, under the controlling authority of Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), the Court finds that Plaintiff's initial questionnaire, in this instance, can be construed as a charge such that Plaintiff is not barred by the statute of limitations. In Holowecki the Supreme Court noted that

5

EEOC regulations as to what constitutes a charge were unclear, and that many filings "come from individuals who have questions about their rights and simply want information" 552 U.S. at 401.  In this case, there is no question that Plaintiff had more than a mere desire for information.  Plaintiff here checked the box on the form indicating she intended to file a charge, that she wanted the EEOC to look into the matter, and she authorized the EEOC to let Defendant know of her accusation.

      Although Defendant cites to <u>Higgins v. Vitran Express, Inc.</u>, No. 1:09-CV-228, 2009 WL 3873662 (S.D. Ohio, Nov. 18, 2009), and <u>Asongwe v. Wash. Mut. Card Servs.</u>, 3:09-CV-0668-G, 2009 WL 2337558 (N.D. Texas July 29, 2009) in support of its view that Plaintiff's questionnaire should not be construed as a charge, the Court finds such authorities are not exactly on point.  In <u>Higgins</u> the Court noted that Plaintiff's questionnaire failed to contain all the required information set forth in 29 C.F.R. § 1601.12, including the address and telephone number of the Defendant, the number of employees that worked for Defendant, and a statement indicating whether Plaintiff had sought the assistance of any government agency regarding the matter.  2009 WL 3873662 at *4. Here, Plaintiff's questionnaire includes all such information, and is complete enough, even absent an affidavit, to be construed as a request for remedial action.[1]  For the same reasons the Court

---

[1]Moreover, unlike <u>Hayes v. Delaware St. University</u>, 726 F. Supp. 2d 441 (D. Del. 2010), cited by Defendant, the form completed by Plaintiff did not explicitly state it was not a

6

rejects the application here of Asongwe. The Supreme Court made it clear in Holowecki that pro se litigants, as Plaintiff here, are held to a lower pleading standard, and their filings should be liberally construed. 552 U.S. 389, 402.[2] "The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes." Id. At 403. The Court does not find it unreasonable here to construe Plaintiff's action in completing the questionnaire as a sufficiently detailed request for action. As such, the Court rejects Defendant's argument that Plaintiff's charge was nine days too late.

### B. Religious Claims

Defendant attacks Plaintiff's state and federal claims for religious discrimination on the basis that in its view veganism does not qualify as a religion, but rather is no more than a dietary preference or social philosophy (doc. 6). Defendant contends the only authority cited by Plaintiff that references veganism, Spies v. Voinovich, 173 F.3d 398 (6th Cir. 1999) had an outcome unfavorable to Plaintiff's position.

Plaintiff responds that her practice constitutes a moral

---

charge.

[2] The Court further notes Defendant's reliance on Alford v. Hunt County, 2011 U.S. Dist. LEXIS 122616, *17-18 (N.D. Texas October 21, 2011). The Alford court found it critical the plaintiff before it was represented by counsel, a fact that distinguishes the case at bar, as Plaintiff was acting pro se at the time she completed the questionnaire.

7

and ethical belief which is sincerely held with the strength of traditional religious views in accordance with United States v. Seeger, 380 U.S. 163 (1965), and Welsh v. United States, 398 U.S. 333 (1970) (doc. 10).  Plaintiff specifically cites 29 C.F.R. § 1605.1, which states, "whether or not a practice or belief is religious is not an issue. . .the Commission will define religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of religious views" (Id.).  Moreover, Plaintiff attaches an essay to her Response, "The Biblical Basis of Veganism," and she cited to Biblical passages in her request for religious accommodation (Id.).

Defendant replies that Plaintiff's essay refers to veganism as a philosophy or diet, and that Plaintiff strategically cherry-picked Bible verses, as there are a host of verses indicating permission to consume animal products (doc. 13).  In Defendant's view, Plaintiff's attachments should not convince the Court that veganism is a protected religion (Id.).

The Court finds that in the context of a motion to dismiss, it merely needs to determine whether Plaintiff has alleged a plausible claim.  The Court finds it plausible that Plaintiff could subscribe to veganism with a sincerity equating that of traditional religious views.  The Sixth Circuit's decision in Spies in no way bars such conclusion.  In Spies, the Court found that a Buddhist inmate's dietary request was adequately met by the provision of a vegetarian diet, as the inmate himself conceded that

8

a more restrictive vegan diet was not a religious requirement of his faith. 173 F.3d 398, 407.[3] The Court's conclusion is further bolstered by Plaintiff's citation to essays and Biblical excerpts. Although the Code makes it clear that it is not necessary that a religious group espouse a belief before it can qualify as religious, 29 C.F.R. 1605.1, the fact here that Plaintiff is not alone in articulating her view lends credence to her position. Accordingly, at this early stage of the litigation, the Court finds it inappropriate to dismiss Plaintiff's claims for religious discrimination based on her adherence to veganism.

### C. State Public Policy Claim

Defendant correctly argues that it is well-established that wrongful discharge in violation of state public policy claims fail where other statutes provide adequate protection and remedies (doc. 13, citing Leininger v. Pioneer Nat'l Latex, 115 Ohio St. 3d 311, 875 N.E.2d 36 (Ohio 2007), Tripp v. Buckeye Ranch, 2010 WL 1667764, *2 (S.D. Ohio April 23, 2010), Akatobi v. Aldi, Inc., 2010 WL 1257614, *3 (S.D. Ohio March 31, 2010)). Plaintiff's arguments to the contrary are unavailing. Title VII and Chapter 4112 of the Ohio Revised Code provide Plaintiff adequate protection and any remedy to which she may be ultimately entitled. As such, the Court finds it appropriate to dismiss Plaintiff's claim for violation of public policy.

---

[3] A vegetarian diet, for example, includes no meat, but could include an animal product like milk. A vegan diet excludes all animal products.

9

**IV. Discovery**

The parties agreed to stay discovery pending the outcome of the instant motion. As such, Defendant has requested an extension of the discovery and dispositive motion deadlines by thirty days (doc. 16). Plaintiff requests an extension of ninety days (doc. 17). The Court finds Plaintiff's request well-taken.

**V. Conclusion**

The Court rejects Defendant's position that Plaintiff's Complaint is barred by the applicable statute of limitations and that it fails to state a claim for which relief could be granted. However, the Court agrees with Defendant that Plaintiff's public policy claim is barred by applicable case law.

The Court's ruling in no way addresses what it anticipates as Defendant's justification for its termination of Plaintiff, the safety of patients at Children's Hospital. At this juncture there simply is no evidence before the Court regarding what, if any, contact Plaintiff might have with patients, and/or what sort of risk her refusal to receive a vaccination could pose in the context of her employment. The Court simply rules on the sufficiency of the Complaint, which it finds adequately alleges beliefs that are sincerely held so as to merit legal protection.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendant Cincinnati Children's Hospital Medical Center's Motion to Dismiss (doc. 6), such that Plaintiff's federal and state

religious claims withstand Defendant's challenge, while her state law public policy claim is DISMISSED.  The Court further GRANTS Defendant's Motion for an Extension (doc. 16) to the extent that it VACATES the previous schedule in this matter (doc. 15), and RESETS the discovery deadline to April 1, 2013, the dispositive motion deadline to May 1, 2013, and the final pretrial conference to June 26, 2013, at 2:30 P.M.  The three-day jury trial is set for July 9, 2013 on an on-deck basis.

      SO ORDERED.


Dated: December 27, 2012      <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge